FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ENVIRONMENT CONTROL RESTORATION SERVICES, INC., an Idaho corporation, as an assignee of RYAN EHRMANTROUT and EMILY SHICK,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,

Defendant.

No.  2:25-CV-00070-ACE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**ECF No. 16**

**BEFORE THE COURT** is Defendant's motion for summary judgment. ECF No. 16.  Plaintiff is represented by attorney Gregory Michael George. Defendant is represented by attorneys John B. McDonald and Ryan J. Hesselgesser.  Having reviewed the pleadings and the file, the Court is fully informed and herein grants Defendant's motion for summary judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that a party is entitled to summary judgment in its favor if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

ORDER - 1

law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot rest merely on the pleadings. *Anderson*, 477 U.S. at 248. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Supreme Court has ruled that Federal Rule of Civil Procedure 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Therefore, the question on summary judgment is "whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. Where there is no evidence on which a jury could reasonably find for the nonmoving party, summary judgment is appropriate. *Id.* at 252.

**BACKGROUND**

State Farm Fire and Casualty Company ("State Farm" or "Defendant") issued a homeowner's insurance policy to Ryan Ehrmantrout and Emily Shick ("the insured") effective June 15, 2024 to June 15, 2025. During this period, the insured suffered damage to their home as a result of a refrigerator supply line releasing water beneath their kitchen flooring.

ORDER - 2

After the water loss was discovered, Ms. Shick retained the services of Environment Control Restoration Services, Inc. ("ECRS" or "Plaintiff").  On or about July 1, 2024, and prior to State Farm being informed of a water loss claim, ECRS entered into an "ASSIGNEMENT [sic] OF BENEFITS AND DIRECTION TO PAY" with Ms. Shick and was on site as early as 11:23 a.m. that day.  State Farm received notice of the water loss at 2:32 p.m. on July 1, 2024.

ECRS did not complete its work at the residence until July 17, 2024, and did not send an invoice to Ms. Shick until July 29, 2024.  State Farm paid undisputed amounts to the insureds for the mitigation and asbestos abatement work.  ECRS thereafter sent an IFCA notice claiming to be a first party claimant under IFCA pursuant to the assignment agreement.  This lawsuit was filed on January 10, 2025, and removed to this Court on February 26, 2025.

On January 5, 2026, Defendant filed the instant motion for summary judgment.  ECF No. 16.  Defendant argues the assignment between the insured and ECRS violates the anti-assignment provisions of the insurance policy and ECRS has no standing to assert extra-contractual rights.  *Id.*  Plaintiff's response asserts the assignment is valid and enforceable under Washington law and, by the assignment, the insureds transferred their right to sue Defendant for recovery, including IFCA and CPA claims.  ECF No. 20.

## DISCUSSION

### A.    Validity of Attempted Assignment

Defendant argues ECRS does not have a valid assignment from the insured because it violates the anti-assignment provisions of the insurance policy.[1]  ECRS contends the assignment is valid and enforceable under Washington law.  Absent a

---

[1]State Farm's insurance policy to the insured contains anti-assignment clauses that prohibit the assignment of the policy or rights under the policy unless State Farm gives express written consent.

ORDER - 3

valid assignment, ECRS has no standing to assert the claims presented in this lawsuit.

Insurance policies are regarded as personal contracts and cannot be assigned where an assignment is expressly prohibited by the terms of the policy, unless the insurer consents. However, when an assignment is made by an insured after the liability-causing event has occurred, the assignment is not of the policy itself, but of a claim under, or a right of action on, the policy. Washington case law[2] provides that "[a]fter a loss has occurred *and rights under the policy have accrued*, an assignment may be made without the consent of the insurer, even though the policy prohibits assignments." *Kiecker v. Pacific Indem. Co.*, 5 Wash.App. 871, 877, 491 P.2d 244 (1971) (emphasis added); *see Public Utility Dist. No. 1 of Klickitat Cty. v. Intern'l Ins. Co.*, 124 Wash.2d 789, 801 (1994) ("[T]he great weight of authority supports the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply to assignments before loss only, and do not prevent an assignment after loss[.]"); *see also B.S.B. Diversified Co. v. Am. Motorists Ins. Co.*, 947 F. Supp. 1476, 1479 (W.D. Wash. 1996) ("Washington law recognizes an assignment of coverage for an event or activities preceding assignment."). Therefore, the rule in Washington is that anti-assignment clauses apply to prohibit only an assignment before a loss, and do not prevent an assignment after a loss. The rationale for this distinction is that "[t]he purpose of a no-assignment clause in an insurance contract is to protect the insurer from increased liability. After the events giving rise to the insurer's liability have occurred, the insurer's risk cannot be increased by a change in the insured's identity." *PUD No. 1*, 124 Wash.2d at 881; *see Sherard v. Safeco Ins.*

---

[2]This Court, sitting in diversity, must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Patton v. Cox,* 276 F.3d 493, 495 (9th Cir. 2002).

ORDER - 4

*Co. of Am.*, 2015 WL 5918397 at *5 (W.D. Wash. Oct. 9, 2015), aff'd, 714 F. App'x 802 (9th Cir. 2018).

The undersigned agrees with Defendant that an insurer, in this case State Farm, is not liable and does not have an obligation to pay for repairs until the insurer receives notice of an actual claim or loss and the repairs are incurred. ECF No. 24 at 4. Until those two things occur, the insured has no accrual of rights under the insurance policy to assign.[3] Here, it is undisputed that ECRS entered into an assignment with the insured prior to any work being performed by ECRS and even before State Farm was informed of a loss by the insured. Because no accrual of rights occurred at the time of the assignment in this case, the Court finds that the assignment in this case is invalid under the anti-assignment clause of the insurance policy. *Kiecker*, 5 Wash.App. at 877.

**B.    Extra-Contractual Claims**

Defendant's briefing raises additional arguments regarding Plaintiff's extra-contractual claims. *See* ECF No. 16 at 11-16; ECF No. 24 at 7-10.[4] In any event, absent a valid assignment, ECRS has no standing to assert the claims presented in this lawsuit. Given the Court has determined that the assignment is invalid under the anti-assignment clause of the insurance policy, Defendant's arguments regarding extra-contractual claims need not be addressed.

///

///

///

---

[3]Plaintiff's briefing concedes that "if the insurer's liability does not arise, the insured cannot validly assign his/her right to benefits." ECF No. 20 at 5.

[4]Defendant asserts that ECRS possesses no extra-contractual rights because none existed at the time of assignment and that the assignment language does not specifically refer to CPA or IFCA claims.

ORDER - 5

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    **Judgment shall be entered for Defendant**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED April 20, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 6